# IN THE COURT OF APPEALS OF IOWA

No. 15-0670
Filed September 14, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MYRON D. HANSON IV,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

A defendant appeals his conviction claiming his motion to suppress evidence was wrongly denied. **AFFIRMED.**

John Mossman of Mossman & Mossman, L.L.P., Vinton, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Myron Hanson appeals his conviction for operating while intoxicated, asserting the district court erred in denying his motion to suppress evidence. Hanson claims there was no basis to stop his vehicle, thereby violating his right to be free from illegal search and seizure under the Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution. We conclude reasonable suspicion existed to justify the stop of Hanson's vehicle. Therefore, we affirm the district court's denial of Hanson's motion to suppress.

I.    Background Facts and Proceedings

While on patrol just after midnight on February 23, 2014, La Porte City Police Department Officer Jordan Ehlers received a phone call from an unidentified caller. The caller told the officer that an older model Chevrolet pickup truck appeared to be all over the road on Highway 218 near Miller Creek Road, just outside La Porte City. Within about one minute, Officer Ehlers located an older model Chevrolet pickup truck traveling on Highway 218.

Officer Ehlers followed the truck as it traveled on Highway 218 and observed the truck touch the center line twice but not cross it. Officer Ehlers then observed the truck take a wide right turn, which entered the oncoming lane of traffic, onto West Main Street. The truck entered downtown La Porte City and swayed into the oncoming lane of traffic. Officer Ehlers initiated a traffic stop.

Officer Ehlers then approached the truck, asked the driver for his driver's license, and identified the driver as Hanson. The officer noted Hanson had blood-shot, watery eyes and slow, slurred speech. Officer Ehlers also detected the odor of alcohol. Hanson acknowledged he had been drinking earlier in the

evening. The officer administered several field sobriety tests, including a preliminary breath test, which showed Hanson's blood alcohol concentration exceeded the legal limit. Officer Ehlers then placed Hanson under arrest.

On March 20, 2014, Hanson was charged with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2013). On July 24, 2014, Hanson filed a motion to suppress, which claimed Officer Ehlers lacked reasonable suspicion to stop Hanson's vehicle and therefore, the stop was illegal and the subsequently obtained evidence must be suppressed. After a hearing on the issue, the district court denied Hanson's motion on the merits and also found the motion to be untimely. On January 23, 2015, the district court found Hanson guilty in a stipulated trial on the minutes of evidence. Hanson appeals.

II.     Standard of Review

We review motions to suppress based on federal and state constitutional grounds de novo. *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). "This review requires 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001)). Although we give deference to the factual findings of the district court, we are not necessarily bound by those findings. *Id.*

III.     Motion to Suppress

A.     Reasonable Suspicion

Hanson argues the district court erred in determining Officer Ehlers had reasonable suspicion to stop his truck. Hanson claims the deviations in his driving were due to the potholes on the route he was traveling. The State asserts

Hanson's driving deviations, along with the anonymous tip Officer Ehlers received, provided reasonable suspicion justifying the stop of Hanson's truck.

"Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). Claims under the Iowa Constitution may be evaluated independently from federal claims. *Id.* However, typically, we "apply the general standards as outlined by the United States Supreme Court for addressing a search and seizure challenge under the Iowa Constitution."[1] *Id.* at 291–92.

Generally, law enforcement must have probable cause to believe that a traffic violation occurred in order to stop a vehicle. *State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011). Yet, if law enforcement has reasonable suspicion to believe criminal activity is occurring, a stop is justified even without probable cause. *Id.* Reasonable suspicion that criminal activity has occurred must be based on "specific and articulable facts . . . taken together with rational inferences." *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). Whether reasonable suspicion existed is determined based on the totality of the circumstances and information facing law enforcement at the time of the stop. *Id.*

We believe Officer Ehlers articulated sufficient specific facts and rational inferences to demonstrate reasonable suspicion that criminal activity was occurring. Officer Ehlers received an anonymous tip that identified the make,

---

[1] *See Tyler*, 830 N.W.2d at 291–92 ("Where a party raises both state and federal constitutional claims but does not argue that a standard independent of the federal approach should be employed under the state constitution, we ordinarily apply the substantive federal standards but reserve the right to apply the standard in a fashion different from federal precedent.").

type, and relative age of the vehicle; described behavior consistent with possible traffic violations; and provided information based on personal observations. *See State v. Kooima*, 833 N.W.2d 202, 208–09 (Iowa 2013). The tipster also provided the location of the vehicle. Officer Ehlers used both the description of the vehicle and the location provided by the tipster to identify Hanson's truck. Officer Ehlers then observed Hanson make several irregular driving motions, including touching the center line, crossing into the oncoming lane of traffic while making a turn, and swaying into the opposite lane of traffic. Officer Ehlers's observations are supported by the video recording from his patrol car. While one rational inference could have been that these movements were related to the potholes in the road, it was also rational to infer, based on the tip and Officer Ehlers's observations, that the driver may be impaired. Based on the totality of the circumstances and information facing Officer Ehlers at the time of the stop, we conclude reasonable suspicion that criminal activity was occurring existed and the stop was valid under both the Fourth Amendment and article I, section 8. *See Tague*, 676 N.W.2d at 204.

>        B.      Timeliness of Hanson's Motion

In addition, we also agree with the district court's conclusion the motion was untimely and the reasons given by defense counsel were inadequate to have the court find the untimeliness to be "for good cause shown." *See* Iowa R. Crim. P. 2.11(3).

IV.     Conclusion

As we conclude the State had reasonable suspicion to stop Hanson's vehicle, we affirm the district court's ruling and Hanson's conviction.

**AFFIRMED.**